IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1: 22-cv-03200

ELIZABETH WILLISTON, *an individual*,

    Plaintiff,

v.

RAISING CANE'S USA, LLC, *a corporation*,

    Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Raising Canes USA LLC ("Raising Canes") removes the state-court action captioned *Elizabeth Williston v. Raising Cane's USA, LLC*, Case No. 2022CV030665, filed in the District Court of Larimer County, Colorado to the United States District Court for the District of Colorado according to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds therefore states as follows:

**I.  OVERVIEW**

Plaintiff Elizabeth Williston commenced this action against Raising Cane's in the District Court of Larimer County, Colorado by service of a summons and Complaint and Jury Demand ("Complaint") dated October 6, 2022. The Complaint asserts a claim for wrongful discharge in violation of Colorado's Public Health Emergency Whistleblower law ("PHEW") and a claim for intentional infliction of emotion distress/outrageous conduct under Colorado common law. *See* Exhibit A, Complaint and Jury Demand. Raising Cane's registered agent first received a copy of the Complaint on November 11, 2022, and Raising Cane's received a copy the following week.

This is a proper case for removal to this Court under 28 U.S.C. § 1441 because it is a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states. As set forth more fully below, this case meets all the requirements for removal and is timely and properly removed by the filing of this notice.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION.

As the party seeking removal, Raising Cane's bears the burden of proving by a preponderance of evidence that the requirements for diversity jurisdiction are satisfied. *Martin v. Franklin Cap. Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Raising Cane's has met that burden.

28 U.S.C. § 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States[.]" The Court has original jurisdiction over this action based on diversity of citizenship under § 1332(a), and it may be removed to this Court according to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### 1. Complete diversity of citizenship exists in this case.

Williston was and is a resident of Colorado and is therefore a citizen of Colorado for purposes of diversity jurisdiction. *See* Compl. ¶ 1.

In determining citizenship for diversity purposes, a corporation is a citizen of the state where it is incorporated and where its principal place of business is located. *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). With respect to limited liability companies,

2

the citizenship is determined by the citizenship of each member of the LLC. *Siloam Springs Hotel*, *LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC, f/k/a TRZ Energy, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). Raising Cane's USA, LLC is a foreign limited liability company organized under the laws of Louisiana. Its sole member is Raising Cane's Restaurants, LLC, a foreign limited liability company organized under the laws of Louisiana. The members of Raising Cane's Restaurants, LLC include Lloyd Bartlett, Inc. (incorporated in Louisiana; principal place of business in Texas), Sockeyes, LP (partners citizens of Louisiana), several traditional trusts with trustees in Louisiana and Delaware[1], and individual residents of Arizona, Louisiana, and Mississippi.

Therefore, complete diversity exists for purposes of 28 U.S.C. § 1332.

**2.      The amount in controversy exceeds $75,000, exclusive of costs and interest.**

Williston certified on the state-court Civil Case Cover Sheet that she seeks a monetary judgment of more than $100,000, excluding interest and costs. *See* Exhibit B, Civil Case Cover Sheet, at p. 2 (certifying that Williston "seeks a monetary judgment over $100,000" against Raising Cane). Additionally, Williston earned in excess of $100,000 per year in 2019 and 2020 from her employment at Raising Cane's. *See* Exhibit F, Decl. of A. Wynn. Williston asserts that her employment was separated on September 8, 2020—more than two years ago—and she seeks recovery of lost wages and benefits as well as the recovery of "compensatory and punitive

---

[1] When determining diversity jurisdiction of trusts, "If the trust is a traditional trust, the party must then trace the citizenship of all of its trustees; if the trust is a business trust, the party must trace the citizenship of all of its members." *Med. Practice Mgmt. Grp. v. Gordon,* Civil Action 22-cv-02585-NYW, at *2 (D. Colo. Oct. 5, 2022) (*quoting Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F.Supp.3d 1231, 1246-47 (D. Colo. 2021)).

3

damages" and "Plaintiff's attorney fees." *See* Compl. ¶¶ 47 & prayer for relief. Thus, the jurisdictional amount is met in this matter.

Importantly, once it is shown that the amount in controversy may be greater than $75,000, the case belongs in federal court "unless it is legally certain that less than $75,000 is at stake." *Chen v. Dillard Store Servs.*, 579 F. App'x 618, 621–22 (10th Cir. 2014) (citation omitted). Further, the United States Supreme Court has held under 28 U.S.C. § 1446(a) that a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Supreme Court further held this language tracks the general pleading requirement stated in Federal Rule of Civil Procedure 8(a), and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id.* at 551, 553.

Here, the Court can reasonably ascertain from the state-court Civil Case Cover Sheet, the relief sought in the Complaint, and information pertaining to Williston's pay that the amount in controversy exceeds $75,000. Although Raising Cane's denies that Williston's claims have merit, based on the above information, it is certain that the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. Thus, this Court has original jurisdiction over the claims asserted by Williston in the state-court action based on diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

**II.     THIS NOTICE OF REMOVAL IS TIMELY.**

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within

30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Because Raising Cane's was first notified of the Complaint on or shortly after November 11, 2022, and because Raising Cane's filed this Notice of Removal on December 12, 2022, this Notice of Removal is timely.

### III.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

In addition to satisfying the jurisdictional and timing requirements, Raising Cane's has also satisfied all other procedural requirements for removal:

1. The District Court of the County of Larimer, Colorado is located within the District of Colorado. *See* 28 U.S.C. § 1441(a).

2. No previous application has been made for the relief requested in this notice.

3. As required by 28 U.S.C. § 1446(a), a copy of all pleadings, process, and orders received by Raising Cane's (or filed in the state-court case) are identified as follows:

    Exhibit A: Complaint and Jury Demand

    Exhibit B: Civil Case Cover Sheet

    Exhibit C: Notice - Judicial Civil Case Management

    Exhibit D: Return of Service

4. As required by D.C.COLO.LCivR 81.1(b), a copy of the current docket sheet from the state court is attached as Exhibit E. There are no pending hearings, motions, petitions, or related responses, replies, or briefs before the state court.

5.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the District Court of Larimer County, Colorado.

WHEREFORE, Raising Cane's removes this action from the District Court of Larimer County, Colorado, bearing Civil Action No. 2022CV030665, to the United States District Court for the District of Colorado.

Respectfully submitted this 12th day of December, 2022.

*/s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick, Atty #31376
Virginia Woodfork, Atty #50593
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Phone:  303.629.6200
Fax:  303.629.0200
Email: jkirkpatrick@littler.com
           vwoodfork@littler.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of December, 2022, I electronically filed and served the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system to the following:

Jonathan Tran
Lee Edward Christian
Lee E Christian PC
415 Mason Ct, Building 2
Fort Collins, CO 80524
Phone: (970) 484-0300
Email: lee@leechristian.com

*Attorneys for Plaintiff*

                                                   *s/ Joanna Fox*
                                                   Joanna Fox, Legal Secretary

4870-6318-7778.1